IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WESTERN WATERSHEDS PROJECT, | ) ) ) | Case Nos. CV-07-151-E-BLW |
| Plaintiff, | ) ) | CV-07-241-E-BLW |
| v. | ) ) ) | **MEMORANDUM DECISION AND ORDER** |
| U.S. FOREST SERVICE, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| SHIRTS BROTHERS SHEEP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| SECRETARY OF THE U.S. DEPARTMENT OF AGRICULTURE; CHIEF OF THE FOREST SERVICE; REGIONAL FORESTER FOR THE INTERMOUNTAIN REGION OF THE FOREST SERVICE; FOREST SUPERVISOR OF THE PAYETTE NATIONAL FOREST OF THE FOREST SERVICE; DISTRICT RANGER FOR THE COUNCIL RANGER DISTRICT OF THE FOREST SERVICE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**Memorandum Decision and Order – Page 1**

## INTRODUCTION

The Court has before it motions to consolidate filed in *Idaho Wool Growers v. Schafer*, CV-08-394-S-BLW and *Western Watersheds Project et al., v. U.S. Forest Service*, CV-07-151-S-BLW.  The motions are fully briefed and at issue. For the reasons expressed below, the Court will deny the motions.

## STANDARD OF REVIEW

Consolidation is proper under Rule 42 (a) when the two actions involve "a common question of law or fact."  The Court must "weigh[ ] the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause."  *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F.Supp. 2d 1052, 1057 (S.D.Cal. 2007) (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.1984)).  When actions involving a common question of law or fact are pending before a court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  *Single Chip*, 495 F.Supp. 2d at 1057.  The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice.  *Id.*

**Memorandum Decision and Order – Page 2**

## ANALYSIS

At the time the motions were filed, the *Idaho Wool Growers* case was before Judge Edward Lodge, while the *Western Watersheds* case was before this Court. A few days after the motions were filed, Judge Lodge transferred *Idaho Wool Growers* to this Court.

This transfer removed any chance of inconsistent rulings being issued by different judges, a concern expressed in the motion. That leaves for analysis the other concern identified in the motion that defendants will be exposed to duplicative litigation.

In this case, the plaintiffs Idaho Wool Growers Association and Dr. Marie S. Bulgin (collectively referred to as IWGA) allege that the two bighorn sheep science committees, the RADT Committee and the Payette Principles Committee were subject to the Federal Advisory Committee Act (FACA). IWGA asserts that the two committees violated FACA because, among other things, they were not "fairly balanced in terms of the points of view represented and the functions to be performed." IWGA also alleges that they were not given notice of committee meetings and hence were precluded from participating in the committee hearings. These failures violate not only FACA but also NFMA, according to IWGA.

In the *Western Watersheds* case, Shirts Brothers challenged the same two committees under FACA, and filed a motion for partial summary judgment to resolve that issue. The Court found that Shirts Brothers had been involved in the big horn sheep issue from the beginning, and the formation of the committees was at least partially in response to their comments, yet Shirts Brothers failed to raise any FACA issue until they filed their suit. Relying on an earlier decision holding that such conduct waived any FACA challenge, the Court denied the Shirts Brothers' motion. The Court did not reach the merits of their FACA claims.

These circumstances do not threaten defendants with duplicative litigation, at least at this point. IWGA is entitled to separate consideration of whether they waived their FACA challenge, and that issue will undoubtedly be raised soon by the Government. If IWGA survives that challenge, the Court will move on to consider the merits of IWGA's claim under FACA, an issue that has not been addressed in either case. Thus, the savings or benefit from consolidation is not apparent at this stage in the litigation.

The Government points out in its reply brief that Shirts Brothers filed a motion for reconsideration in *Western Watersheds* that has not yet been resolved. If that motion is granted, and if IWGA survives the waiver challenge in *Idaho Wool Growers*, then both cases will present the identical issue as to whether the

**Memorandum Decision and Order – Page 4**

Forest Service violated FACA.  At that point, consolidation may be appropriate.  However, up until that point, IWGA is entitled to separate consideration of the waiver issue, that will focus on its own conduct, apart from that of Shirts Brothers.

Moreover, there are a number of claims in *Western Watersheds* besides the FACA claim.  If the cases are consolidated, and the IWGA loses its FACA claim, IWGA may be precluded from taking an immediate appeal because it must await resolution of other claims by other parties.  By maintaining the separate nature of the cases, IWGA keeps its case simple and avoids delay.

For all of these reasons, the Court finds that the motion to consolidate will be denied.  The denial is without prejudice to the right of the parties to refile a motion if circumstances change, making consolidation appropriate.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to consolidate in *Idaho Wool Growers v. Schafer, CV-08-394-S-BLW* (Docket No. 9)

and *Western Watersheds v. Forest Service, CV-07-151-E-BLW* (Docket No. 122) are DENIED.

DATED: **January 8, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 6**