IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WESTERN WATERSHEDS PROJECT, et al., | ) ) ) | |
| | ) | Civ. No. 07-0151-E-BLW |
| Plaintiffs, | ) ) | MEMORANDUM DECISION |
| v. | ) ) | AND ORDER |
| UNITED STATES FOREST SERVICE, | ) ) ) | |
| Defendant. | ) ) | |

**INTRODUCTION**

The Court has before it a motion to amend filed by WWP.  For the reasons expressed below, the Court will deny the motion.

**STANDARD OF REVIEW**

Rule 15 states that "leave [to amend] shall be freely given when justice so requires."  This policy is "to be applied with extreme liberality."  *Eminence Capital LLC v Aspeon, Inc.,* 316 F.3d 1048 (9th Cir. 2003).  In *Foman v. Davis*, 371 U.S. 178, 182, (1962), the Supreme Court identified the factors a district court should consider in deciding whether to grant leave to amend:

**Memorandum Decision & Order – page 1**

> In the absence of any apparent or declared reason – such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure
> to cure deficiencies by amendments previously allowed, undue prejudice
> to the opposing party by virtue of allowance of the amendment, futility
> of amendment, etc. – the leave sought should, as the rules require, be
> "freely given."

Id. at 182.  Not all of the factors merit equal weight; the consideration of prejudice to the opposing party carries the greatest weight.  *Eminence*, 316 F.3d at 1052. Prejudice is the "touchstone of the inquiry under rule 15(a)."  *Id.*

## ANALYSIS

WWP's proposed amended complaint seeks to add the BLM and the Secretary of the Interior as defendants, and to challenge the BLM's issuance of a grazing permit on the Partridge Creek allotment.   The proposed amendment does not seek to add any claims against the original defendant (the Forest Service) or the plaintiff (Shirts Brothers) in the case consolidated with this one.

Indeed, the claims involving the Forest Service and Shirts Brothers have been resolved.  The Court understands that WWP is concerned that while the Forest Service has agreed to close the allotments at issue to grazing for now, the Forest Service could re-open those allotments at a later date.  If that occurs, WWP is free to file suit, and it would be assigned to this Court for resolution.  The bottom line is that no claims remain outstanding involving either the Forest Service

**Memorandum Decision & Order – page 2**

or Shirts Brothers.

Thus, if the BLM was added as a defendant, the Forest Service and Shirts Brothers would essentially be mere bystanders, dragged along for the duration of this new litigation that does not concern them.  They would suffer real prejudice at a time when they are entitled to have a final judgment entered in this case.  While WWP asserts that it will compare the Forest Service's conduct to that of the BLM, the comparison does not require the Forest Service to remain a party.

On the other hand, there is no prejudice to WWP – other than the cost – to file a new action.  The filing could be done immediately, and the Court would consider the TRO motion and all briefing filed in this case to apply to the new case.  The TRO hearing would proceed as planned.  Because the Court has prepared to consider WWP's TRO motion and is generally familiar with the issues raised in this and other companion lawsuits, the Court will, for purposes of judicial economy, direct that any such  new filing be assigned to the undersigned.

For all of these reasons, the Court will deny the motion to amend.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to file second amended complaint (docket no. 147) is DENIED.

**Memorandum Decision & Order – page 3**



DATED:  **October 5, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 4**