IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FOREST SERVICE<br><br>Defendant. | Case No.  4:07-CV-151-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it a motion to reopen filed by plaintiff WWP.  The motion is fully briefed and at issue.  For the reasons explained below, the Court will deny the motion.

**ANALYSIS**

This action was originally filed in 2007 by WWP against the Forest Service to stop sheep grazing in the Hells Canyon and Salmon River regions of the Payette and Nez Perce National Forests.  WWP claimed that domestic sheep were transmitting a fatal disease to bighorn sheep whose numbers were declining rapidly.  WWP sought to enjoin the Forest Service from allowing grazing on those allotments near the bighorn sheep.  Shortly after this suit was filed, the Forest Service halted grazing on many of the

allotments at issue pending an environmental study.

In 2009, while this case was still pending and awaiting the Forest Service's environmental study, WWP sought to file an amended complaint that brought the BLM into the litigation. WWP challenged the BLM for authorizing grazing on the Partridge Creek allotment, which was located adjacent to the closed Forest Service allotments. The Court denied WWP's motion to file an amended complaint and required them to file a new case. The Court also ordered that the new case be assigned to the Court, and that all filings related to WWP's motion for injunction against the BLM be deemed filed in the new case. *See Memorandum Decision (Dkt. No. 173), see also WWP v BLM CV-09-507-BLW (Dkt. No. 4)*.

In the new case against the BLM, the Court ordered the closure of the Partridge Creek allotment until the agency finished an SEIS and issued a new grazing decision. Because that event would not be completed for a substantial time, and would either foreclose any further litigation or completely change the focus of the arguments, the Court entered Judgment closing the case, finding that when the SEIS and grazing decisions were issued "WWP would be free to file a new lawsuit seeking to enjoin the grazing." *Id*. *(Dkt. No. 23)*. The Court also closed the above-entitled action on February 8, 2010.

The Forest Service completed its Final Supplemental Environmental Impact Statement (SEIS) and Record of Decision (ROD) in 2010. There is no challenge to that SEIS or ROD. The ROD scheduled a gradual reduction in grazing lands, implementing

**Memorandum Decision & Order - 2**

closures over the course of three years from 2011 to 2013.  In 2012, however, Congress passed a rider that prohibits the Forest Service from imposing "any new management restrictions" for the fiscal year 2012 on domestic sheep grazing "in excess of the management restrictions that existed on July 1, 2011."  The Forest Service interpreted this legislation to bar it from proceeding with the closures scheduled by the ROD.

WWP now seeks to reopen this case to file an amended complaint that challenges the Forest Service's interpretation of the rider.  In the proposed amended complaint, WWP seeks to enjoin grazing on certain Forest Service allotments on the ground that the Forest Service is misinterpreting the rider and should instead proceed with the closures scheduled in the ROD.  Briefing is proceeding on WWP's injunction motion and the Court has set a hearing for June 13, 2012.  The hearing date is important because grazing is due to begin in July.

If WWP is allowed to reopen this case, the resulting litigation will turn entirely on the legal interpretation of a piece of legislation passed in 2012.  This issue did not even arise until two years had passed from the date this case was closed.  It is true that these circumstances do not require the Court to deny WWP's motion. Amendments have been allowed where there was "some relationship" between the original claims and those being added, *Keith v. Volpe,* 858 F.2d 467, 474 (9th Cir. 1988); defining the term "relationship" in its loosest sense, that standard might be met here.  But the existence and exercise of discretion must not be confused – just because the Court has discretion does not necessarily mean it must be exercised in a certain way.

**Memorandum Decision & Order - 3**

In fact, the better part of discretion here is to deny the motion. By allowing WWP to reopen this case and file an amended complaint, the Court would be creating an entirely new case within the shell of an action over 5 years old. And while there may be "some relationship" between the complaints, it is very thin at best. Indeed, WWP's proposed amended complaint is a new action and should be treated as such. The Court has the discretion to deny amendments that create a "separate, distinct, and new cause of action." *Planned Parenthood v. Neely,* 130 F.3d 400, 402 (9th Cir. 1997). That is the case here, and the Court will accordingly deny WWP's motion to reopen.

As the Court did previously, however, it will order that when WWP files its new case, that case shall be assigned to this Court because this case and the new filing have so many factual and legal issues in common. In addition, the previously scheduled hearing for June 13, 2012, on WWP's motion for preliminary injunction (relating to its proposed amended complaint in this case) shall go forward as scheduled. To avoid massive re-filings, the Court will consider all filings in this case concerning WWP's motion for preliminary injunction to be filed in the new case, and will enter an order to that effect in the new case when it is filed. In addition, as done previously, the Court will grant intervention or amicus status to all entities who had that status here and are responding to that motion.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that WWP's motion to reopen

**Memorandum Decision & Order - 4**

and file supplemental complaint (docket no. 182) is DENIED.

IT IS FURTHER ORDERED, that WWP shall alert the Clerk when it files a new action based on its proposed amended complaint in this action, and the Clerk shall assign that case to this Court.

IT IS FURTHER ORDERED, that all filings in this case concerning WWP's motion for preliminary injunction (docket no. 177) shall be deemed filed in the new case.

IT IS FURTHER ORDERED, that the previously scheduled hearing for June 13, 2012, in this case shall proceed as scheduled, under the caption of the new case to be filed by WWP.

IT IS FURTHER ORDERED, that once the new case is filed, the Court will grant intervention or amicus status to all entities who had that status here and are responding to that motion.



DATED:  **June 4, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 5**